

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 2, 1994

Honorable Rick Perry
Commissioner
Texas Department of Agriculture
P.O. Box 12847
Austin, Texas 78711-2847

Opinion No. DM-306

Re: Whether there is a gallonage limit on sales by a winery permit holder under subsection (d), section 16.01 of the Alcoholic Beverage Code (RQ-583)

Dear Commissioner Perry:

You ask about subsection (d) of section 16.01 of the Alcoholic Beverage Code, which subsection was added in 1993. Acts 1993, 73d Leg., ch. 934, § 27 (eff. Sept. 1, 1993). Section 16.01 pertains to authorized activities of holders of winery permits. Subsection (d) thereof provides:

> The holder of a winery permit may sell wine to ultimate consumers for consumption on or off winery premises and dispense free wine for consumption on or off the winery premises if the winery is located in a city that:

>> (1) is located in three or more counties, at least one of which has a population of 500,000 or more; and

>> (2) has within its boundaries all or part of an international airport.

Your specific question is whether the holder of a winery permit acting under subsection (d) is "subject to any limitation on the number of gallons of wine that may be sold annually for either on-premises or off-premises consumption." Apart from the authorization in subsection (d), winery permit holders' permitted activities are rather limited. The only other authority we find for a winery permit holder's sale of wine directly to ultimate consumers in this state is in subsection (a)(4) of section 16.01, which provision restricts such sales to "unbroken packages for off-premises consumption in an amount not to exceed 25,000 gallons annually." We note too that subsection (b) of the section--like subsection (d), added in 1993--allows a permit holder to "manufacture and label wine for an adult in an amount not to exceed 50 gallons annually for the personal use of the adult," and further, provides that the "amount of wine produced under this subsection is included in the annual total amount that may be sold by the holder under Subsection (a)(4)."

You suggest that the subsection (a)(4) 25,000 gallon annual limit might also be applied under subsection (d), the provision at issue here, for sales for off-premises consumption at least. We find no basis for applying the subsection (a)(4) limit to

subsection (d), especially as the legislature has made express in the case of subsection (b), quoted *supra*, its intent to tie that provision to the subsection (a)(4) gallonage limitation. Had the legislature intended to tie subsection (d) to the subsection (a)(4) gallonage limit, we think it would have done so expressly.

Nor do we find any other basis in the Alcoholic Beverage Code or other law for a gallonage limit on subsection (d) sales for either on- or off-premises consumption. Accordingly, we conclude that there is none.

## S U M M A R Y

There is no gallonage limit on sales, for either on- or off-premises consumption, by a winery permit holder under subsection (d) of section 16.01 of the Alcoholic Beverage Code.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Willam M. Walker
Assistant Attorney General